UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| DAREN G. BROTT ) | Case No. 10-21514-TLM |
| SUSAN A. BROTT, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |

**SUMMARY ORDER REGARDING *EX-PARTE* MOTION TO ENLARGE TIME**
_____

Before the Court is an *Ex-Parte* Motion to Enlarge Time, Doc. No. 30 ("Motion"), filed by the above Debtors through their counsel. The Motion seeks an order "enlarging the time to file a reaffirmation agreement." The Motion was filed on March 23, 2011, and seeks an extension of the 60 day period following the § 341(a) meeting date within which to "file" a reaffirmation agreement, a deadline established by Fed. R. Bankr. P. 4008(a). The 60 day period expired on February 8, 2011.

While the Court will grant the Motion, this form of Summary Order is required to address several issues, and potential problems, faced by Debtors.

First, Debtors bring their Motion under Fed. R. Bankr. P. 9006(b)(1). *See id.* at 2, ¶ 5. This is in error. Fed. R. Bankr. P. 9006(b)(3) provides that

SUMMARY ORDER - 1

enlargement of, *inter alia*, the time period in Rule 4008(a) shall be "to the extent and under the conditions" provided in that latter Rule. Rule 4008(a) provides that the Court may grant an enlargement of time to file a reaffirmation agreement "at any time, and in its discretion[.]" Rule 9006(b)(1), cited by Debtors, is thus inapplicable.[1] This, fortuitously, eliminates the need to consider whether Debtors have established the "excusable neglect" required under Rule 9006(b)(1) for a motion for extension of time filed, as was theirs, after the applicable bar period expired.[2]

Based upon the record herein, and in its discretion, the Court can, and will, grant the Motion under Rule 4008(a) and extend until April 15, 2011, the deadline for Debtors to *file* their reaffirmation agreement with creditor Potlatch #1 Federal Credit Union.

Second, it must be observed that the relief sought, and that which the Court can grant, is limited to the *filing* of the reaffirmation agreement. The Court cannot at this time address whether the reaffirmation agreement will be effective even if it is

---

[1] *See* Rule 9006(b)(1) ("*Except as provided* in paragraphs (2) and (3) of this subdivision . . .") (emphasis added).

[2] *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) (addressing Rule 9006(b)(1) excusable neglect standards); *See also In re Aeschbacher*, Case No. 09-40713-JDP (Bankr. D. Idaho Feb. 15, 2011) (outlining application of same "excusable neglect" standards in Rule 60(b)(1) context). But while no (or at least an inadequate) attempt was made in the Motion to establish the elements of excusable neglect under the case law, such failure is ultimately immaterial given the Court's ability to address the matter under Rules 4008(a) and 9006(b)(3).

SUMMARY ORDER - 2

filed before April 15.[3] This is why.

The Motion recites that "On or about March 11, 2011, the Debtors and Creditor agreed on the terms of the reaffirmation agreement." Doc. No. 30 at 2, ¶ 4. That the appropriate form[4] of reaffirmation agreement was also executed on or about the same date, or soon thereafter, and certainly before March 22, is critical because § 524(c)(1) specifically requires that "such agreement was *made* before the granting of the [debtors'] discharge under section 727[.]" (emphasis added).[5] Here, Debtors' discharge was entered on March 22, 2011. If the agreement between Debtors and Potlatch #1 Federal Credit Union was not "made" prior to March 22, the extension of time to "file" the agreement will be of no value as the agreement itself would violate the requirement of § 524(c)(1), and it is axiomatic that the Rules cannot trump the Code.

The Court therefore must assume that the agreement was "made" prior to

---

[3] The subject reaffirmation agreement was not attached to the Motion nor was it separately filed. The Court must therefore speculate as to the date and terms of the agreement, leading to the subjects addressed in the balance of this Order.

[4] The form of agreement is subject to § 524(c)(2) (requiring the lengthy, detailed disclosures of § 524(k)), and § 524(c)(3) (requiring declaration or affidavit of attorney representing debtor). It also has to be executed, because the disclosures under § 524(k) are agreement-specific and have to be provided the debtor "at or before the time the debtor signs the agreement" under § 524(c)(2).

[5] There is a separate Code requirement that the agreement be *filed* with the Court. *See* § 524(c)(3). However, § 524(c)(3) does not contain a similar deadline to that found in § 524(c)(1). The deadline for *filing* the reaffirmation agreement, as noted in the first part of this Summary Order, is found in Rule 4008(a).

SUMMARY ORDER - 3

March 22. If not, Debtors would not rationally file the Motion for an extension to "file" the agreement because such an extension would be futile if the agreement itself would be unenforceable.

Third, the Court must also assume the reaffirmation agreement, when filed, will not show a presumption of undue hardship, even if Debtors believe such a presumption could be rebutted.[6] This is due to the fact that, if such a presumption exists, § 524(m) requires the Court to review the matter and approve or disapprove the agreement. More importantly, § 524(m) establishes that "No agreement shall be disapproved without notice and a hearing to the debtor and creditor, *and such hearing shall be concluded before the entry of the debtor's discharge.*" *Id.* (emphasis added). Because Debtors' discharge here occurred on March 22, if the agreement filed under this Summary Order reflects a presumption of undue hardship, the Court cannot meet the timing requirements of § 524(m) and the agreement will be unenforceable.[7]

Thus, at bottom, Debtors' Motion will be GRANTED, albeit under Rule

---

[6] The presumption is defined in § 524(m) and is based on the mathematic question of whether Debtors' post-bankruptcy income less post-bankruptcy monthly expenses (other than the subject reaffirmed debt) leaves an amount adequate to make the required payment on the reaffirmed debt. The calculation disclosures are required under § 524(k) and are included in the requisite reaffirmation agreement form and cover sheet. *See* Procedural Forms B240A, B27.

[7] This is why it is common for debtors to request a delay of their discharge in order for them to not only complete the negotiations and ensure the agreements are "made" within the § 524(c)(1) time bar but also to get the agreements before the Court and approved before the § 524(m) time bar. *See generally In re Grisham*, 436 B.R. 896 (Bankr. N.D. Tex. 2010) (discussing the ability to request delay of discharge, as allowed by Rule 4004(c)(2), in order to properly accomplish reaffirmation). *Grisham* raises a number of other points regarding reaffirmations that are worthy of review and consideration.

SUMMARY ORDER - 4

4008(a) as allowed by Rule 9006(b)(3) rather than under Rule 9006(b)(1) and the other authorities[8] advanced by Debtors. This will allow Debtors to "file" their agreement with the identified creditor on or before April 15, 2011. The Court cannot, however, opine at this time as to whether such a filed agreement will be enforceable, and reserves any further ruling.

    IT IS SO ORDERED.

DATED: March 25, 2011

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

  [8] Debtors' citation in the Motion to, and reliance on, Rule 9005 (harmless error) is also unavailing.

SUMMARY ORDER - 5